**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARIO PIERLUCA and MARCUS**
**HOLMES, on their own behalf and**
**on behalf of those similarly situated,**

     **Plaintiffs,**

**v.**                     **CASE NO. 8:16-CV-01580-JSM-AEP**

**QUALITY RESOURCES, INC., a**
**Florida Corporation and**
**CHERYL R. MERCURIS, an individual,**

     **Defendants.**
_____/

**DEFENDANT CHERLY R. MERCURIS'**
**MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Cheryl R. Mercuris ("Mercuris"), by and through her undersigned

counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

respectfully moves this Court to dismiss plaintiff's claim against Mercuris for failure

to state a claim upon which relief can be granted.  The grounds upon which the

instant motion is based are set forth in the following supporting memorandum of law.

**SUPPORTING MEMORANDUM OF LAW**

**I.**

**BACKGROUND**

On June 15, 2016, Plaintiffs, on behalf of themselves and those similarly

situated, filed a one-count Complaint against Defendants Quality Resources, Inc.

and Cheryl R. Mercuris, for alleged violations of the Workers' Adjustment and

Retraining Notification Act ("WARN" or "the Act").  Plaintiffs allege that Defendants closed the call center where Plaintiffs were employed without providing the requisite notice provided for under the Act.  [*Id.* at ¶¶ 27-31, 35-36].

Plaintiffs allege that Mercuris, as shareholder and sole director of Quality Resources, was Plaintiffs' "employer" as that term is defined under the Act and, therefore, subject to individual liability.  [*See,* ¶¶ 5-9, 28-29, Pl.'s Compl.].  However, as explained below, that allegation is contrary to legislative intent and well-settled case law.  Accordingly, plaintiffs' claims against Mercuris should be dismissed.

## II.

## ARGUMENT

### A.   The Legal Standard for Rule 12(b)(6) Motions

Pursuant to the Supreme Court's holding in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007), to survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  Furthermore, the "[f]actual allegations [set forth in the Complaint] must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  The holding was further clarified in *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1953 (2009), when the Supreme Court opined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation … A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 1949.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.*  Furthermore, Rule 12(b)(6) permits a

2

defendant to seek dismissal of allegations when they "fail[ ] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The Eleventh Circuit has emphasized that the "tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions.*"  *American Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1289 (11th Cir. 2010) (emphasis added).

**B.    Because the WARN Act Does Not Provide for Individual Liability, Plaintiffs' Claims Against Mercuris Should Be Dismissed**

Plaintiffs assert a claim against Mercuris, individually, under the WARN Act, 29 U.S.C. § 2101, *et seq.*, for allegedly terminating plaintiffs' employment without sufficient warning.  [¶¶ 40-41, Pl.'s Compl.]  The Act provides, in part, that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closing or layoff to the affected employees or their representative. 29 U.S.C. § 2102(a).  However, the Act applies only to "employers." 29 U.S.C. § 2101(a)(1).  Section 2101(a)(1) defines "employer" as any "business enterprise" that employs 100 or more employees.

In *Cruz v. Robert Abbey, Inc.,* 778 F. Supp. 605, 608 (E.D. N.Y. 1991), the Eastern District of New York analyzed the WARN Act's definition of "employer" under similar circumstances to determine whether the owner of a company could be held liable for violating WARN's notification requirements.  The court noted that "[a] review of the statute, its applicable regulations and its legislative history indicate that 'employer' does not include individual persons."  *Id.*  Specifically, the Act authorized

the Secretary of Labor to promulgate the necessary regulations to enforce WARN,

which provide as follows:

> "The term 'employer' includes non-profit organizations of the requisite size.  Regular Federal, State, local and federally recognized Indian tribal governments are not covered.  However, the term 'employer' includes public and quasi-public entities which engage in business (i.e., take part in a commercial or industrial enterprise, supply a service or good on a mercantile basis, or provide independent management of public assets, raising revenue and making desired investments), and which are separately organized from the regular government, which have their own governing bodies and which have independent authority to manage their personnel and assets."

*Id.* at 608-09 (*citing* 20 C.F.R. § 639.3).   Further, the Senate-House Conference

report that accompanied the WARN legislation provided, in pertinent part, as follows:

> "'Employer.'     The Conference Agreement retains the Senate Amendment language that the term 'employer' means a business enterprise.  The Conferees intend that **a 'business enterprise' be deemed synonymous with the terms company, firm or business,** and that it consist of one or more sites of employment under common ownership or control.  For example, General Motors has dozens of automobile plants throughout the country.   Each plant would be considered a site of employment, but as provided in the bill, there is only one 'employer' - General Motors."

*Id.* at 609 (*citing* House Conf. Rep. No. 100-576, 100th Cong., 2nd Sess., 1045,

1046 [reprinted in 5 U.S. Code Cong. & Admin. News [1988], 2078, 2079] (emphasis

added)).  Therefore, the court reasoned that the term "employer" was meant to apply

only to corporate entities and not individuals.  778 F. Supp. At 609 (*citing Solberg v.*

*Inline Corp.,* 740 F. Supp. 680, 685 (D. Minn. 1990)(although reasoning that "WARN

is a remedial statute and must be construed broadly," . . . "such a view does not

counsel a court to disregard entirely the plain meaning of the words used by

Congress").  Because "neither the statute, the regulations nor the legislative [history]

makes any reference to 'persons,' let alone to persons who are the 'alter-ego' of a corporation," the *Cruz* court held that WARN did not subject individuals to liability. *Id.*

Nearly every subsequent decision on the matter has held similarly.  *See, e.g.* *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.,* 2014 U.S. Dist. LEXIS 157806, *39-40 (E.D. N.Y. Nov. 6, 2014) (*citing Warshun v. New York Cmty. Bancorp, Inc.,* 957 F. Supp. 2d 259, 267 (E.D. N.Y. 2013) (the New York WARN Act does not provide for individual liability); *Smith v. ABC Training Ctr. Of Md., Inc.,* 2013 U.S. Dist. LEXIS 108088, *14-15 (D. Md. Aug. 1, 2013) (dismissing the plaintiffs' complaint as to the individual defendants because they could not be liable as "employers" under the WARN Act) (*citing Lewis v. Textron Auto. Co.,* 935 F. Supp. 68, 71 (D. NH. 1996)); *Hollowell v. Orleans Reg'l Hosp.,* 1998 U.S. Dist. LEXIS 8184, *23-26 (E.D. La. May 29, 1998); *Wallace v. Detroit Coke Corp.,* 818 F. Supp. 192, 195 (E.D. Mich. 1993); *Carpenters' Dist. Council v. Dillard Dept. Stores,* 778 F. Supp. 297, 315-16 (E.D. La. 1991), *aff'd in part and rev'd on other grounds,* 15 F.3d 1275 (5th Cir. 1994), *cert. denied,* 115 S. Ct. 933 (1995).  In short, because the Act does not provide for individual liability, defendant Mercuris respectfully requests that the Court dismiss against her.

**C.    Plaintiffs' Alter Ego Theory of Liability Fails As a Matter of Law**

1.    *The Alter Ego Doctrine Does Not Create an Exception for Individual Liability Under the WARN Act.*

Plaintiffs also appear to allege, albeit in conclusory fashion, that Mercuris is liable under the Act because she was the "alter ego" of Defendant Quality Resources.  [Pl.'s Compl. ¶ 7-9.]  Although the Eleventh Circuit has yet to address

5

the argument that such a theory can create an exception to the WARN Act's individual liability preclusion, it has squarely rejected that argument under the similar federal framework of Title VII.[1]   *See Dearth,* 441 F.3d at 933-34; *see also Carpenters Dist. Council,* 778 F. Supp. at 316.   In *Dearth,* the plaintiff brought suit against her former company, InfoPro Group, Inc. ("InfoPro") and its president, director, and sole shareholder, Richard L. Collins ("Collins"), asserting that Collins made unwelcome sexual suggestions and advances toward her.   *Id.* at 932.   While the plaintiff acknowledged that the Eleventh Circuit previously held that Title VII did not provide relief against individuals, she argued that the court should make an exception to the rule based on the "alter ego" doctrine.   *Id.* at 933.   The plaintiff requested that the court disregard InfoPro's corporate form and pierce its corporate veil under Georgia law to impose individual liability on Collins.

The Eleventh Circuit rejected plaintiff's argument on two grounds.   First, nothing in Title VII supported such a basis for individual liability, and the only circuit court to address the issue had already rejected the argument.   *Id.*   (*citing Worth v. Tyer,* 276 F.3d 249, 262 (7th Cir. 2001) (Title VII did not impose individual liability

---

[1] Several courts have looked to Title VII in analyzing whether the WARN Act's definition of "employer" allows for individual liability.   *See, e.g., Hollowell,* 1998 WL 283298, at *7 (*citing Williams v. Phillips Petroleum Corp.,* 23 F.3d 930 (5th Cir. 1994), *cert. denied,* 513 U.S. 1019 (1994) ("Construing a similar definition of 'employer' in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), we recently held that a natural person who does not otherwise qualify as an 'employer' cannot be held liable for backpay") (citations omitted)); *Carpenter's Dist. Council,* 778 F. Supp. at 316.   Title VII's definition of "employer" is broader in scope than the WARN Act's because it includes "a *person* engaged in an industry affecting commerce."   *Id.*   (*citing* 42 U.S.C. § 2000e and 29 U.S.C. § 621). Despite Title VII's inclusion of the term "person" in its definition of "employer," it is well-settled in the Eleventh Circuit that Title VII does not allow for individual liability.   *See Dearth v. Collins,* 441 F.3d 931, 933-34 (11th Cir. 2006).   As the Eastern District of Louisiana reasoned, "Congress would have been aware of the definitions contained in those other statutes, and that failure to specifically define 'employer' to include individuals as well as business entities would appear to represent an intent that only business entities, not individuals, be included as 'employers' under the WARN Act."   *Id.*

under an alter ego theory).  The court also pointed to the holding in *EEOC v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1282, n.11 (7th Cir. 1995)), where the Seventh Circuit rejected the argument that the sole shareholder of a defendant company could be held individually liable under the Americans With Disabilities Act. The *AIC* court had observed that "as to [the defendant's individual capacity liability], *it does not matter* even if she was [the defendant company's] 'alter ego.'"  *AIC Security Investigations,* 55 F.3d at 1282 (emphasis added).  Even if the sole shareholder had abused the corporate form, rendering her effectively liable and subject to the financial "pinch" of the corporation's liability, that issue was discrete from, and irrelevant to, the question of whether the alter ego doctrine could create individual liability under Title VII.  *Id.*  Accordingly, the Eleventh Circuit followed the Seventh Circuit in concluding that the alter ego doctrine does not create an exception to the rule against individual liability in Title VII actions.  *Dearth,* 441 F.3d at 933.

2.    *Assuming, Arguendo, That Plaintiffs Could Establish Individual Liability, Plaintiffs' Alter Ego Allegation Fails Pursuant to Iqbal/Twombly.*

Returning to the *Dearth* decision, even assuming that the court had created an exception under Title VII for individual liability, the plaintiff failed to establish as a matter of law that Collins was InfoPro's alter ego.  *Id.* at 934.  Pursuant to Georgia law, individual officers and shareholders are shielded by the corporate veil in the absence of fraud or abuse of the corporate form.  *Id.*  (*citing Moore v. Barge,* 436 S.E.2d, 746, 749 (1993)).  However, the plaintiff pointed to no evidence that Collins

TPA 512204219v2

disregarded InfoPro's corporate form, that Collins merely used the corporate form to transact his own affairs, or that Collins used the corporate form merely as a means to protect his fraudulent behavior. *Id.* Therefore, even if the alter ego doctrine operated to create an exception to Title VII's rule against individual liability—which the Eleventh Circuit rejected outright—the plaintiff lacked sufficient evidence to support such a theory. *Id.*; *see also Powell v. Siegal,* 2009 U.S. Dist. LEXIS 127399 (M.D. Fla. Jan. 29, 2009) (the president of a company could not be held liable for violating Title VII under an alter ego theory).

Turning to Florida law, in *Riley v. Fatt,* 47 So.2d 769, 773 (Fla. 1950), the Florida Supreme Court stated that "the corporate veil will not be pierced, either at law or in equity, unless it be shown that the corporation was organized or used to mislead creditors or to perpetuate a fraud upon them." This has since been interpreted to require a showing of two elements: first, that the corporation "is in actuality the alter ego of its stockholders," and second, that the organization was used by the defendant for an improper purpose that caused injury to the plaintiff. *N. Am. Clearing, Inc. v. Brokerage Comp. Sys.,* 2009 U.S. Dist. LEXIS 82961, *15 (M.D. Fla. Sep. 11, 2009)(citing *Dania Jai-Alia Palace, Inc. v. Sykes,* 450 So.2d 1114, 1120 (Fla. 1984)). Application of the alter ego theory requires that the personal affairs of the shareholder become confused with the business affairs of the corporation. *N. Am. Clearing, Inc. v. Brokerage Comp. Sys.,* 2009 U.S. Dist. LEXIS 82961, *15 (M.D. Fla. Sep. 11, 2009) (*citing Solomon v. Betras Plastics, Inc.,* 550 So.2d 1182, 1184 (Fla. 3d DCA 2008) (Cobb, J., dissenting) (footnote omitted)). In

other words, plaintiffs "must plead facts which permit a reasonable inference that [Mercuris] took action to confuse [her] personal affairs with [Quality Resource]'s affairs. *Id.* (*citing Iqbal*, 129 S. Ct. at 1949).

Even assuming, *arguendo,* that plaintiffs could maintain an action for individual liability under the WARN Act via an alter ego theory, Plaintiffs' Complaint contains no allegations that Mercuris involved her personal affairs with that of Quality Resources', or that Mercuris disregarded Quality Resources' corporate form in any manner.   Instead, plaintiffs merely assert in wholly conclusory fashion that "upon information and belief . . .  Mercuris acted as the alter ego of Quality Resources."  [Pl.'s Compl. ¶ 7].  Such an assertion fails to raise the right to relief above the speculative level, and is paradigmatic of the "labels and conclusions" and "formulaic recitation of the elements" precluded by *Twombly* and *Iqbal*.  *Twombly,* 550 U.S. at 555; *Iqbal,* 129 S. Ct. 1937. at 1949.

3.     *Plaintiffs Failed to Adequately Plead Improper Conduct Sufficient to Support a Piercing of the Corporate Veil.*

Furthermore, assuming, *arguendo,* that the facts pled plausibly alleged that Mercuris was the alter ego of Quality Resources—which Mercuris vehemently denies—plaintiffs cannot establish the second element of the analysis because "the corporate veil may not be pierced absent a showing of improper conduct."  *See N. Am. Clearing, Inc.,* 2009 U.S. Dist. LEXIS 82961 at *15.   Improper conduct is present where the corporation itself is a "mere device to or sham to accomplish some ulterior purpose or where the purpose is to evade some statute or to accomplish some fraud or illegal purpose."  *Johnson Enters. of Jacksonville, Inc.,*

9

162 F.3d 1290 (11th Cir. 1998).  Conduct may also be improper if the corporation was used "for fraudulent or misleading purposes, was organized or used to mislead creditors or to perpetrate a fraud upon them, or to evade existing personal liability." *N. Am. Clearing, Inc.,* 2009 U.S. Dist. LEXIS 82961 at *16 (*citing Steinhardt v. Banks,* 511 So. 2d 336, 339 (Fla. 4th DCA 1987) (*quoting Tiernan v. Sheldon,* 191 So. 2d 87, 89 (Fla. 4th DCA 1966)).

Not all wrongful conduct of an individual constitutes improper conduct sufficient to pierce the corporate veil.  "For instance, the fact that corporate formalities were not observed, that a corporation was a vehicle for the personal interests of the shareholder, that it lacked equity capital, and that its affairs were dominated by another did not constitute improper conduct for purposes of piercing the corporate veil."  *N. Am. Clearing, Inc.,* 2009 U.S. Dist. LEXIS 82961 at *17 (*citing Barkett v. Hardy*, 571 So.2d 13, 14 (Fla. 2d DCA 1990)).  Such allegations alone, had they been present in Plaintiffs' Complaint (which they were not), would not have been sufficient to withstand a motion to dismiss.  *See id.,* Case No. 07-1503, Doc. No. 98, pp. 6, 7, and 9.  Even allegations that a shareholder misused customer funds to hide his personal and company's financial problems were insufficient to support a finding of improper conduct where the conduct did not concern the use or establishment of the corporate form to accomplish these tasks.  *N. Am. Clearing, Inc.,* 2009 U.S. Dist. LEXIS 82961 at *18 (*citing Dania Jai-Alai Palace,* 450 So. 2d at 1117.

Plaintiffs' Complaint is devoid of any allegations that would warrant an inference that Mercuris established or used the corporate form in a manner sufficient to support an alter ego theory of liability here.  Plaintiffs' conclusory assertion is insufficient to avoid dismissal.

**D.     Similarly, Plaintiffs' Single Enterprise Theory of Liability Fails As a Matter of Law**

Paragraph No. 8 of Plaintiffs' Complaint also appears to assert, in the alternative, that Mercuris and Quality Resources, Inc. were a "single enterprise" for the purpose of establishing individual liability.  [Pl.'s Compl., ¶ 8] ("Upon information and belief, at all times material to this action, Mercuris and Quality Resources acted as a single employer.").  The Complaint further provides that "Plaintiffs were employees of Defendants and Defendants were the employer of Plaintiffs for purposes of the WARN Act."  [*Id.* at ¶ 9].

However, this Court previously rejected a similar argument in *Parsons v. Nationwide Mut. Ins. Co.,* 889 F. Supp. 465 (M.D. Fla. 1995).  There, the plaintiffs brought allegations of, *inter alia,* Title VII sexual harassment against Nationwide Mutual Insurance Company ("Nationwide") and an individual by the name of Walker.[2]  The plaintiffs alleged that the two were joint employers under a single enterprise theory, *citing Stockett v. Tolin,* 791 F. Supp. 1536 (S.D. Fla. 1993) as support.  In *Stockett,* the Southern District held that two corporate entities were so similar and interrelated that they constituted a single employer.  However, the

---

[2]  The plaintiffs in *Parsons* failed to allege what role Walker played at Nationwide, or his official capacity or job title.  889 F. Supp. at 467-68.

decision was inapposite to the matter before the court because *Stockett* dealt with two defendant corporations, while *Parsons* involved only an individual and a corporation.  889 F. Supp. at 469.  Because "Walker [was] being sued in his individual capacity, not as a corporate entity . . . Plaintiffs' argument that Nationwide and Walker were joint employers [was] thus without merit."  *Id.*

Generally, the single enterprise theory of liability is reserved for two situations:  (1) when plaintiffs seek to establish that two or more affiliated enterprises should be considered a single enterprise to satisfy the 100 employee WARN threshold; and (2) when plaintiffs seek to impose liability for violations on affiliates of insolvent corporations.  *See Pearson v. Component Tech Corp.,* 247 F.3d 471, 483 (3d Cir. 2001) (citations omitted).   Furthermore, the Department of Labor Regulations promulgated under the Act provide:

> Under existing legal rules, independent contractors and subsidiaries which are wholly or partially owned by a parent company are treated as separate employers or as a part of the parent or contracting company depending upon the degree of their independence from the parent.   Some of the factors to be considered in making this determination are (i) common ownership, (ii) common directors and/or officers, (iii) de facto exercise of control, (iv) unity of personnel policies emanating from a common source, and (v) the dependency of operations.

20 C.F.R. 639.3(a)(2).   Neither the regulations nor the traditional applications of WARN enterprise liability support a finding of individual liability.  Rather, it is clear that this theory of liability was reserved for separate and distinct corporate entities— not individuals. *See Cruz,* 778 F. Supp. at 608.  Accordingly, plaintiffs' allegation that Mercuris and Quality Resources acted as a single enterprise fails as a matter of law.

*TPA 512204219v2*

## III.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Cheryl Mercuris respectfully requests that this Court dismiss plaintiffs' claims against her, with prejudice.

Respectfully submitted,

/s/Richard C. McCrea, Jr.
Richard C. McCrea, Jr.
Florida Bar No. 351539
Email: mccrear@gtlaw.com
mccrear@gtlaw.com
Nicholas S. Andrews
Florida Bar No. 0105699
Email: andrewsni@gtlaw.com
GREENBERG TRAURIG, P.A.
101 E. Kennedy Boulevard
Suite 1900
Tampa, FL  33602
(813) 318-5700 – Telephone
(813) 318-5900 – Facsimile
Attorneys for Defendant
*Quality Resources, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 15, 2016 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Ryan D. Barack
Kwall, Showers, Barack & Chilson, P.A.
133 N. Ft. Harrison Avenue
Clearwater, FL  33755
rbarack@ksbclaw.com

/s/Richard C. McCrea, Jr.

Attorney

*TPA 512204219v2*