## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIO PIERLUCA, on his own behalf and
on behalf of those similarly situated, and
MARCUS HOLMES, on his own behalf
and on behalf of those similarly situated,

     Plaintiffs,

v.                                                            CASE NO:  8:16-cv-1580-T-30AEP

QUALITY RESOURCES, INC. and
CHERYL R. MERCURIS,

     Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Cheryl R. Mercuris' Motion to Dismiss Plaintiff's Complaint (Dkt. 11) and Plaintiffs' Response (Dkt. 14).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

On June 15, 2016, Plaintiffs, on behalf of themselves and those similarly situated, filed a one-count complaint against Defendants Quality Resources, Inc. and Cheryl R. Mercuris, for alleged violations of the Worker Adjustment and Retraining Notification Act ("WARN").  Plaintiffs allege that Defendants closed the call center where Plaintiffs were employed without providing the requisite notice provided for under WARN.

Plaintiffs allege that Mercuris, as shareholder and sole director of Quality Resources, was Plaintiffs' "employer" as that term is defined under WARN and, therefore, subject to individual liability.  Mercuris now moves to dismiss the claims against her because individuals cannot be held liable under WARN.  As explained below, the Court agrees and dismisses the claims against Mercuris with prejudice.

## DISCUSSION

WARN provides, in relevant part, that "[a]n employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice" of the closing or layoff to the affected employees or their representative.  29 U.S.C. § 2102(a). WARN applies only to "employers," and section 2101(a)(1) defines "employer," in relevant part, as any "business enterprise" that "employs 100 or more employees."  Although the Eleventh Circuit has not addressed individual liability under WARN, district courts have consistently held that  an "employer" under WARN does not include individual persons because "neither the statute, the regulations nor the legislative history makes any reference to 'persons.'"  *See, e.g., Cruz v. Robert Abbey, Inc.*, 778 F. Supp. 605, 608 (E.D. N.Y. 1991), *Warshun v. New York Cmty. Bancorp, Inc.*, 957 F. Supp. 2d 259, 267 (E.D.N.Y. 2013) (same).  The Court agrees with these cases and concludes that Mercuris cannot be held individually liable under WARN.

Plaintiffs argue that the alter ego doctrine creates an exception and that Mercuris is the "alter ego" of Quality Resources.  Although the Eleventh Circuit has not addressed an alter ego exception under WARN, it has soundly rejected similar arguments with respect to

Title VII, which also does not include individuals in its definition of "employer." *See Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006). In *Dearth*, the Eleventh Circuit held that "there is nothing in Title VII that supports Dearth's claim that individual capacity liability can be imposed on the basis of the alter ego doctrine." *Id.* Similarly, there is nothing in WARN that supports Plaintiffs' argument that Mercuris can be individually liable as Quality Resources' alter ego.[1] Finally, Plaintiffs' "single-employer" theory fails for the same reasons. Accordingly,

It is therefore **ORDERED AND ADJUDGED** that:

1.    Defendant Cheryl R. Mercuris' Motion to Dismiss Plaintiff's Complaint (Dkt. 11) is granted.

2.    The claims against Mercuris are dismissed with prejudice.

**DONE** and **ORDERED** in Tampa, Florida on August 5, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2016\16-cv-1580 mtd 11.wpd*

---

[1]

 Notably, Title VII's definition of "employer" is broader in scope than WARN's definition of employer because it includes "*a person* engaged in an industry affecting commerce." 42 U.S.C. § 2000e(b) (emphasis added). Nonetheless, it is well-settled in the Eleventh Circuit that Title VII does not allow for individual liability. *See Dearth*, 441 F.3d at 933-34. The Court sees no basis for the Eleventh Circuit to depart from this reasoning with respect to individual liability under WARN.