## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MARIO PIERLUCA, on his own behalf and
on behalf of those similarly situated, and
MARCUS HOLMES, on his own behalf and
on behalf of those similarly situated,

      Plaintiffs,

v.                                                            CASE NO:  8:16-CV-1580-T-30AEP

QUALITY RESOURCES, INC.,

      Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion to Certify Class (Dkt. 18) and Defendant's Opposition to Plaintiffs' Motion to Certify Class (Dkt. 22).  The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted.

## BACKGROUND

Defendant Quality Resources, Inc. operated a call center.  Defendant employed Plaintiffs and the proposed class members.  On May 16, 2016, Defendant ceased operations and terminated approximately 178 employees.  Approximately 157 additional employees were terminated in the seventy days leading up to May 16, 2016.

Defendant has admitted that it employed at least 100 employees as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN

Act").  Defendant also admitted that the mass layoff or plant shutdown affected at least 1/3 of the workforce and at least fifty employees.

Plaintiffs allege that Defendant terminated the proposed class representatives and proposed class members without giving sixty days' advance notice as required under the WARN Act.

Plaintiffs filed a class action complaint against Defendant for violations of the WARN Act, alleging that the termination on May 16, 2016, constituted an employment loss as defined under the WARN Act and that Defendant failed to provide the affected employees with at least sixty days' notice of the mass layoff or plant closing.

Plaintiffs now seek class certification under Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs' motion states that, in addition to the named plaintiffs, more than sixty other former employees of Defendant have contacted Plaintiffs' counsel to express their interest in pursuing claims against Defendant under the WARN Act.

Plaintiffs seek certification of the following class:

All former employees of Quality Resources who were terminated and/or laid off without cause from their employment at Quality Resources on or about May 16, 2016, as part of the mass layoff (or plant closing), as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq., or who were terminated prior to or thereafter as the reasonably foreseeable consequence of the mass layoff, who do not file a timely request to opt-out of the class.

As explained below, the Court concludes that Rule 23 class certification is appropriate under the particular facts of this case.

## ANALYSIS OF CLASS CERTIFICATION

The question of whether to certify a class is left to the sound discretion of the district court. *See Babineau v. Federal Exp. Corp.,* 576 F.3d 1183, 1189 (11th Cir. 2009). The party moving for class certification has the burden of proof to establish the propriety of the class certification. *See Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir. 2008) (citing *Valley Drug Co. v. Geneva Pharm., Inc.,* 350 F.3d 1181, 1187 (11th Cir. 2003)). As a prerequisite to certification, the putative class representatives must have Article III standing to pursue the claims on which class-related relief is sought. *See id.* Also, in order to certify a class, all the requirements of Fed.R.Civ.P. 23(a) must be met, as well as one requirement of Fed.R.Civ.P. 23(b). *See Luna v. Del Monte Fresh Produce (Southeast), Inc.,* 2009 WL 4366953, at *1 (11th Cir. Dec. 3, 2009).

Only after a "rigorous analysis" may the court determine that the movant has satisfied Rule 23's prerequisites and properly certify the class. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013); *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551-52 (2011). Accordingly, the court's analysis will frequently "overlap with the merits of the plaintiff's underlying claim [because] class determination generally involves considerations that are enmeshed in the factual and the legal issues comprising the plaintiff's cause of action." *Dukes*, 131 S. Ct. at 2551-52 (citations omitted).

## STANDING

Initially, the Court must determine that Plaintiffs have standing pursuant to Article III to raise each class claim. *Busby,* 513 F.3d at 1321 (citing *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir.2004)). "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class." *Hines*, 334 F.3d at 1256.

After a review of the complaint's allegations and Plaintiffs' declarations, the Court concludes that the putative class representatives have standing. Plaintiffs allege that Defendant effectuated a mass layoff and/or plant closing and approximately 178 employees, including Plaintiffs, were terminated without receiving sixty days' advance notice as required under the WARN Act.[1]  This is sufficient.[2]

## REQUIREMENTS UNDER RULE 23(a)

The four elements required for class certification under Rule 23(a) are: (1) numerosity, the class is so numerous that joinder of all members is impracticable; (2) commonality, there are questions of law or fact common to the class; (3) typicality, the claims or defenses of the class are typical; and (4) adequacy, the class representative will fairly and adequately protect

---

[1]

 Under the WARN Act, failure to give the required notice renders the employer potentially liable to each affected employee for sixty days' pay and benefits.  If the employer gives less than sixty days' notice, the employer is liable for pay and benefits for the number of days notice was not given. *See* 29 U.S.C. § 2104.

[2]

 Notably, Defendant's response does not contest Plaintiffs' standing in this case.

the interests of the class. *Luna*, 2009 WL 4366953, at *1 (citing Fed.R.Civ.P. 23(a)); *Hines v. Widnall,* 334 F.3d 1253, 1255-56 (11th Cir. 2003); *Franze v. Equitable Assurance,* 296 F.3d 1250, 1253 (11th Cir. 2002).

## I.    Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable."  A plaintiff "bears the burden of making some showing, affording the court the means to make a supported factual finding that the class actually certified meets the numerosity requirement."  *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1267 (11th Cir. 2009).  Courts in the Eleventh Circuit have noted that, as a general rule, "less than twenty-one is inadequate [for a finding of numerosity], more than forty is adequate, and numbers falling in between are open to judgment based on other factors."  *Id*. at 1267 (*citing Cox v. Am. Cast Iron Pipe Co*., 784 F.2d 1546, 1553 (11th Cir. 1986)); *see also Kilgo v. Bowman Transp., Inc.,* 789 F.2d 859, 878 (11th Cir. 1986) (affirming certification of a class of "at least thirty-one individual class members").

Here, Plaintiffs' counsel has already had contact with more than sixty individuals who are interested in joining this class.  This number is sufficient to establish numerosity and that joinder is impractical.  Moreover, the number is potentially more than sixty in light of the 178 employees who were terminated as a result of the mass layoff.  Plaintiffs have satisfied the numerosity requirement.  *See Cox*, 784 F.2d at 1553.

## II.      Common questions of law and fact

The commonality requirement typically "refers to the group of characteristics of the class." *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000).  To satisfy the commonality requirement, "a class action must involve issues that are susceptible to class wide proof." *Cooper v. Southern. Co.,* 390 F.3d 695, 714 (11th Cir. 2004), *overruled on other grounds*, (quoting *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001)). However, it is not necessary that all members of the class have identical claims.  *See Prado-Steiman,* 221 F.3d at 1279 n.14. Commonality, like typicality, focuses "on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members." *Id.* at 1278.

The Court concludes that a sufficient nexus clearly exists here.  Plaintiffs assert common questions of fact among the class members, who were employees of Defendant and who were terminated as a result of the mass layoff.   The proposed class members share the common question of whether their termination due to the mass layoff or closing required notice under the WARN Act.  Notably, the WARN Act contemplates enforcement by class action.  *See* 29 U.S.C. § 2104(5) ("A person seeking to enforce such liability, including a representative of employees ... may sue either for such person or for other persons similarly situated, or both ..."); *see also Butler-Jones v. Sterling Casino Lines, L.P.,* No. 6:08cv1186, 2008 WL 5274384, at *3 (M.D. Fla. Dec. 18, 2008) (citing 29 U.S.C. § 2104(5)); *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 92 (D. Conn. 2004); *Finnan v. L.F. Rothschild*

*& Co., Inc.,* 726 F. Supp. 460, 465 (S.D.N.Y. 1989) ("The WARN Act seems particularly amenable to class litigation.").

Defendant's response argues that calculation of the proposed class members' individual damages requires the examination of each claimant's work history, rate of pay and commissions received, and further factors like whether medical and other fringe benefits were owed during the sixty day period. Defendant's argument is unavailing. As the court noted in *Cashman*,

> if liability [under the WARN Act] is established, the calculation of total back pay and benefits owed to each member of the class is a fairly simple matter that will require little individualized effort. To be sure, some damage and benefit calculations—especially for those members of the class with significant medical expenses or who obtained alternate employment during the alleged violation period—may require more individualized effort. However, these issues are not likely to predominate.

225 F.R.D. at 95 (internal citations omitted). Plaintiffs have satisfied Rule 23(a)'s commonality requirement.

## III.   Typicality

Typicality requires that a class representative "possess the same interest and suffer the same injury as the class members." *Cooper,* 390 F.3d at 713. Thus, "the typicality requirement is satisfied if 'the claims or defenses of the class and class representative arise from the same event or pattern or practice and are based on the same theory.'" *Agan,* 222 F.R.D. at 698 (quoting *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1337 (11th Cir. 1984)). Even if the fact patterns are unique to each claim, the typicality requirement will be satisfied if the class representative and class members experienced the same unlawful

conduct. *See Agan,* 222 F.R.D. at 698. However, like commonality, Rule 23 does not require that all members of the class possess identical claims. *See id.* at 714. The required nexus for typicality is not a demanding standard. *See In re Disposable Contact Lens Antitrust Litig.,* 170 F.R.D. 524, 532 (M.D. Fla. 1996) (internal citations omitted).

The Court concludes that this factor is met for the reasons already stated, i.e, the named Plaintiffs and the proposed class members' claims arise from the same conduct and essentially the same factual and legal bases. Plaintiffs have satisfied Rule 23(a)'s typicality requirement.

## IV.   Adequacy of protection of class interests

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." There are two separate inquiries under this section: (1) whether there are any substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action. *See Busby,* 513 F.3d at 1323 (citing *Valley Drug Co.,* 350 F.3d at 1189). This requirement serves to uncover any conflict of interest that named parties may have with the class they represent. *See Amchem Products, Inc., v. Windsor,* 521 U.S. 591, 627 (1997). "If substantial conflicts of interest are determined to exist among a class, class certification is inappropriate." *Id.* Minor conflicts alone will not defeat class certification, the conflict must be "fundamental" to the specific issues in the case. *Id.* Under this section, the Court must also consider the competency and any conflicts that the class counsel may have. *See id.* at 627 n.20.

Defendant does not oppose this factor and it appears that the named Plaintiffs will fully and adequately represent the interests of the class and that their claims are not in conflict with any other potential class member.  Therefore, the Court concludes that Plaintiffs have satisfied Rule 23(a)'s adequacy requirement.  The Court also concludes that Ryan D. Barack and Michelle E. Nadeau are adequate as class counsel.

## REQUIREMENTS UNDER RULE 23(b)

As stated above, in order to have a class certified, the representative Plaintiffs must not only satisfy Rule 23(a), but must also show that they meet one of the alternative requirements of Rule 23(b).  Plaintiffs' motion indicates that their claims satisfy the requirements for certification under Rule 23(b)(3).

For class certification to be appropriate under Rule 23(b)(3), common questions must predominate over questions that affect only individual members and the class action must be a superior method for a "fair and efficient adjudication of the controversy."  *Cooper,* 390 F.3d at 722 (citing Fed.R.Civ.P. 23(b)(3)).  Thus, rule 23(b)(3) imposes two additional requirements to Rule 23(a): predominance and increased efficiency (superiority).  *See id.* (citing *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999, 1006 (11th Cir. 1997)).

## I.    Predominance

The issues raised in the class action that are subject to generalized proof and that are applicable to the class as a whole "must predominate over those issues that are subject only to individualized proof."  *Babineau,* 576 F.3d at 1191 (quoting *Kerr,* 875 F.2d at 1558).

"Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'"  *Id.* at 1191 (quoting *Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014,1023 (11th Cir. 1996)).  A class should not be certified if it appears that most of the plaintiffs' claims have highly case-specific factual issues.  *See id.*  The predominance requirement is "far more demanding" than the commonality requirement. *Jackson,* 130 F.3d at 1005.

The Court concludes that the class claims predominate over any individual legal and factual issues.  The proposed class members were employed by Defendant and terminated due to Defendant's mass layoff.  The class members seek to remedy the same legal grievances for Defendant's alleged failure to comply with the WARN Act.  As the Court previously noted, the fact that the damages may be subject to individualized review does not preclude class certification.  Defendant's actions were uniformly directed to all members of the putative class.

## II.   Superiority of Class Action

Rule 23(b)(3) requires a finding that "[the] class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  The Court looks to the four non-exclusive factors listed in Rule 23(b)(3):

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Due to the modest nature of the claims, it is unlikely that the individual class members would have any interest in commencing an individual lawsuit.   It appears that there are no other lawsuits raising the same issues as presented in this action.   It is also desirable to conduct the litigation in this forum and the process of bringing individual actions would be more onerous than a class action.   Indeed, requiring each of the 60 - 178 putative class members to establish Defendant's liability in individual lawsuits would be intolerably onerous on the employees and would be inefficient for Defendant and the courts.   Finally, this class should be reasonably easy for class counsel to manage, considering that each putative plaintiff's name and address can be obtained through Defendant's payroll records.

In sum, common legal questions and facts predominate over any individual issues in this case.   Class action is an appropriate vehicle for the fair and efficient adjudication of this controversy.   Accordingly, it is hereby ORDERED and ADJUDGED that:

1.   Plaintiffs' Motion to Certify Class (Dkt. 18) is granted.

2.   The Court certifies the following class:

> All former employees of Quality Resources who were terminated and/or laid off without cause from their employment at Quality Resources on or about May 16, 2016, as part of the mass layoff (or plant closing), as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq., or who were terminated prior to or thereafter as the reasonably foreseeable consequence of the mass layoff, who do not file a timely request to opt-out of the class.

Page 11 of  12

3.      The Court approves Mario Pierluca and Marcus Holmes as Class Representatives.

4.      The Court approves Ryan Barack and Michelle Nadeau as Class Counsel.

5.      The parties are provided thirty (30) days from the date of this Order to confer regarding issues that may arise associated with the administration of the class, including the form and content of the notice, and the establishment of an opt-out period and procedure, and shall advise the Court on these efforts and whether there are issues that require the Court's resolution.

**DONE** and **ORDERED** in Tampa, Florida on November 10, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record