UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO PIERLUCA, on his own behalf and
on behalf of those similarly situated, and
MARCUS HOLMES, on his own behalf and
on behalf of those similarly situated,

    Plaintiffs,

v.                                                         CASE NO: 8:16-CV-1580-T-30AEP

QUALITY RESOURCES, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Strike Demand for Trial by Jury (Dkt. 45) and Plaintiffs' Response in Opposition (Dkt. 49). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted because there is no right to a jury trial under the WARN Act.

## DISCUSSION

Plaintiffs brought the instant case against Defendant Quality Resources, Inc. under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"). Plaintiffs allege that Defendant terminated them without giving sixty days' advance notice as required under the WARN Act. Plaintiffs' complaint includes a jury trial demand. Defendant now moves to strike the jury trial demand, arguing that remedies available under

the WARN Act are equitable in nature and did not exist at common law; as such, there is no statutory or constitutional right to a trial by jury. The Court agrees.

The WARN Act does not specifically address the right to a jury trial, leaving it to the courts to decide whether a jury trial is constitutionally required. The Eleventh Circuit has not addressed this question. However, the weight of existing authority—including the Sixth Circuit, the only circuit court to have squarely addressed the issue—holds that there is no right to a jury trial because the WARN Act's remedies are equitable in nature. *See Bledsoe v. Emery Worldwide Airlines, Inc.,* 635 F.3d 836, 840-45 (6th Cir. 2011); *see also Creech v. Virginia Fuel Corp.*, 61 F. Supp. 3d 592, 594 (W.D. Va. 2014); *Day v. Celadon Trucking Servs., Inc.,* No. 4:09CV00031 SWW, 2014 WL 2718188, at *11 (E.D. Ark. June 16, 2014); *Nelson v. Formed Fiber Technologies, LLC,* No. 2:10-cv-473-GZS, 2012 WL 118490, at *1-*6 (D.Me. Jan. 13, 2012). After careful consideration, the Court agrees with the Sixth Circuit.

The Seventh Amendment preserves the right to a jury trial in "suits at common law" filed in federal court, and the Supreme Court has established a two-prong test for determining whether a party enforcing a statutory right is entitled to a jury trial under the Seventh Amendment. *See Tull v. United States,* 481 U.S. 412, 417-18 (1987). First, a court must compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. *Id.* Second, a court must examine the remedy sought and determine whether it is legal or equitable in nature, and this inquiry is more

important than the first.  *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 565 (1990).

With respect to the first prong, "[i]t is undisputed that no action for failing to give advance notice of an employment loss was known to 18th-century England." *Bledsoe,* 635 F.3d at 841.  Plaintiffs argue, however, that a WARN Act claim is analogous to a common law breach of contract claim.  The Court is unpersuaded by Plaintiffs' analogy because a WARN Act violation is purely a creature of statute—its remedies do not flow from an agreement between the parties requiring advance notice of mass layoffs.

The second prong of the inquiry invokes the "more important question," i.e., whether the WARN Act remedies are legal or equitable in nature.  The Sixth Circuit concluded that the back pay remedy available under the WARN Act provides equitable restitutionary relief for which there is no constitutional right to a jury trial.  The Sixth Circuit reasoned that the exclusive WARN Act remedy is restitutionary and equitable in nature because it seeks to restore the pay and benefits the employer should have provided aggrieved employees during or in lieu of a sixty-day notice period.  *See Bledsoe,* 635 F.3d at 843.  The Sixth Circuit also noted that the WARN Act grants a district court discretion to reduce the amount of the liability or penalty, which reinforces the view that WARN Act remedies are equitable in nature.  *See id.* at 844(citing *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 443 (1975) (Rehnquist, J., concurring) ("To the extent, then, that the District Court retains substantial discretion as to whether or not to award back pay notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the court exercises is equitable ....")).  The

Court agrees with the Sixth Circuit's reasoning and concludes that WARN Act damages are restitutionary in nature and analogous to reimbursement of wrongfully withheld funds, as opposed to compensation for damages flowing from wrongful termination.

For these reasons, the Court concludes that there is no right to a jury trial under the WARN Act. Accordingly, it is hereby **ORDERED and ADJUDGED** that Defendant's Motion to Strike Demand for Trial by Jury (Dkt. 45) is granted.

**DONE** and **ORDERED** in Tampa, Florida on April 20, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record