# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARIO PIERLUCA and
MARCUS HOLMES, on their own behalf
and on behalf of those similarly situated,

    Plaintiffs,

v.                                              Case No: 8:16-cv-1580-T-30AEP

QUALITY RESOURCES, INC.,

    Defendant.

## ORDER

    THIS CAUSE comes before the Court upon Plaintiff's Motion in Limine (Dkt. 61) and Defendant's Response in Opposition (Dkt. 67). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's motion should be denied.

    This is a case under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"). Plaintiffs allege that Defendant terminated the class members without giving sixty days' advance notice as required under the WARN Act.

    On May 22, 2017, the Court granted Plaintiffs' motion for partial summary judgment (Dkt. 59). Specifically, the Court held that Plaintiffs were entitled to summary

judgment on the issue of Defendant's liability.[1] The Court's Order noted: "Whether Defendant acted in good faith is an issue for damages, which is not the subject of the pending motion for summary judgment." The Court also noted that a bench trial as to damages would occur in December 2017. (Dkt. 59).

Now, Plaintiffs move for an order in limine preventing Defendant from presenting any argument regarding the good faith defense to the WARN Act. The motion is deficient for two reasons. First, Plaintiffs' argument is not appropriate on a motion in limine. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984). Black's Law Dictionary defines motion in limine as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." Motion in Limine, Black's Law Dictionary (10th ed. 2014). The instant motion does not seek to preclude "anticipated prejudicial evidence." Rather, it is an improper and untimely motion for summary judgment.

Second, this matter is set for a bench trial. "The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence." *Singh v. Caribbean Airlines Ltd.*, No. 13-20639-CIV, 2014 WL 4101544, at *1 (S.D. Fla. Jan. 28,

---

[1] Defendant's response acknowledged that summary judgment as to liability only was appropriate due to a "wholly technical, unintentional and good faith non-compliance with the WARN Act." (Dkt. 58).

2014). When an action proceeds as a bench trial, the pretrial consideration of such motions "weighs heavily in favor of denying the motions in limine and addressing the issues if and when they come up at trial." *Johnson & Johnson Vision Care, Inc. v. CIBA Vision Corp.*, 616 F. Supp. 2d 1250, 1256 (M.D. Fla. 2009). "The more prudent course in a bench trial, therefore, is to resolve all evidentiary doubts in favor of admissibility." *Singh*, 2014 WL 4101544, at *1.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion in Limine (Dkt. 61) is denied.

2. No further motions in limine will be permitted.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record